UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

v.

KONRAD KIELISZEK,

    Respondent.
_____/

CASE NO. 07X51059

DISTRICT JUDGE NANCY G. EDMUNDS

MAGISTRATE JUDGE DONALD A. SCHEER

## **CERTIFICATION OF EXTRADITABILITY AND ORDER OF COMMITMENT**

This matter is before the Court on the Complaint filed on December 18, 2007 by the United States Attorney for Eastern District of Michigan, acting on behalf of the Government of Poland, pursuant to its request for the extradition of Konrad Kieliszek.

The said Konrad Kieliszek appeared before the Court in open session, accompanied by his counsel, for an Extradition Hearing pursuant to Title 18, United States Code, §3184, on March 3, 2008. Having reviewed the Extradition Request, together with the Memoranda of Law and Exhibits submitted by the parties and having considered the arguments of counsel, I find as follows:

    1. There is currently in force an Extradition Treaty between the United States and Poland; and

    2. The undersigned judicial officer is authorized to conduct an Extradition Hearing pursuant to the terms of the above described Extradition Treaty, and by Title 18, United States Code, §3184, and Local Rule 72.1(a)(2)(A) of the United States District Court for the Eastern District of Michigan; and

    3. The Court has personal jurisdiction over the Extraditee, and subject matter jurisdiction over the case; and

4. The Extraditee has been charged in the requesting state with the following 12 separate violations of the Polish Criminal Code: (Count I) Public Officer Confirming Untrue Information in Violation of Article 271, Paragraph 1 of the Polish Criminal Code; (Count II) Forgery of a Document in Violation of Article 270, Paragraph 1 of the Polish Criminal Code; (Counts III-V inclusive) Public Officer Confirming Untrue Information in Violation of Article 271, Paragraph 1 of the Polish Criminal Code; (Count VI) Selling Assets to Help Conceal and Unlawful Purchase in Violation of Article 291, Paragraph 1 of the Polish Criminal Code; (Count VII) Copyright Infringement for Personal Property in Violation of Article 116, Points 1 and 3 of the Polish Law on Copyrights and Related Rights; (Count VIII) Misleading a Person to Gain Personal Benefit in Violation of Article 286, Paragraph 1 of the Polish Criminal Code; (Count IX) Misappropriation of a Movable Object in Violation of Article 284, Paragraph 2 of the Polish Criminal Code; (Count X) Misleading a Person to Gain Personal Benefit in Violation of Article 286, Paragraph 1 of the Polish Criminal Code; (Count XI) Removal of Property to Prevent Execution of a Decision by a State Authority in Violation of Article 300, Paragraph 2 of the Polish Criminal Code; and (Count XII) Misleading a Person to Gain Personal Benefit in Violation of Article 286, Paragraph 1 of the Polish Criminal Code; all in the jurisdiction of the Regional Public Prosecutor's Office in Mielic, Poland; that the offenses described above constitute extraditable offenses within the meaning of Articles 2 and 3 of the Treaty on Extradition between the United States of America and the Republic of Poland, signed on July 10, 1996, and entered into force on September 17, 1999; and that the requesting state seeks the extradition of the extraditee for trial on these offenses; and

5. The Court finds that there is probable cause to believe that the extraditee committed the offense stated in Count I, Public Officer Confirming Untrue Information in Violation of Article 271, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

6. The Court finds that there is probable cause to believe that the extraditee committed the offense stated in Count II, Forgery of a Document in Violation of Article 270, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

7. The Court does not find that there is probable cause to believe that the extraditee committed the offense stated in Count III, Public Officer Confirming Untrue Information in Violation of Article 271, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

8. The Court finds that there is probable cause to believe that the extraditee committed the offense stated in Count IV, Public Officer Confirming Untrue Information in Violation of Article 271, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

9. The Court finds that there is probable cause to believe that the extraditee committed the offense stated in Count V, Public Officer Confirming Untrue Information in Violation of Article 271, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

10. The Court does not find that there is probable cause to believe that the extraditee committed the offenses stated in Count VI, Subparagraphs (a) through (c), inclusive, Selling Assets to Help Conceal an Unlawful Purchase in Violation of Article 291, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

11. The Court find that there is probable cause to believe that the extraditee committed the offenses stated in Count VI, Subparagraphs (d) and (e) inclusive, Selling Assets to Help Conceal an Unlawful Purchase in Violation of Article 291, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

12. The Court finds that the charge stated in Count VII, Copyright Infringement for Personal Profit in Violation of Article 116, points 1 and 3 of the Polish law on copyright and related rights, does not state an extraditable offense for the reason that the corresponding offense under Title 17, United States Code, §506(a)(1)(A) is a misdemeanor offense (18 U.S.C. §2319), and not a felony offense as required by Article 2 of the Extradition Treaty; and

13. The Court does not find that there is probable cause to believe that the extraditee committed the offense stated in Count VIII, Misleading a Person to Gain Personal Benefit in Violation of Article 286, Paragraph 1 of the Polish Criminal Code, for which extradition is sought, for the reason that insufficient supporting information relating to that Count is contained in the Government's submission; and

14. The Court finds that there is probable cause to believe that the Extraditee committed the offense stated in Count IX, Misappropriation of a Movable Object in Violation of Article 284, Paragraph 2 of the Polish Criminal Code, for which extradition is sought; and

15. The Court finds that there is probable cause to believe that the Extraditee committed the offense stated in Count X, Misleading a Person to Gain Personal Benefit in Violation of Article 286, Paragraph 1 of the Polish Criminal Code, for which extradition is sought; and

16. The Court finds that there is probable cause to believe that the Extraditee committed the offense stated in Count XI, Removal of Property to Prevent Execution of a Decision by a State Authority in Violation of Article 300, Paragraph 2 of the Polish Criminal Code, for which extradition is sought; and

17. The Court finds that there is probable cause to believe that the Extraditee committed the offense stated in Count XII, Misleading a Person to Gain Personal Benefit in Violation of Article 286, Paragraph 1 of the Polish Criminal Code, for which extradition is sought.

Based on the foregoing findings, the Court concludes that the Extraditee is extraditable for the offenses stated in Counts I, II, IV, V, VI d and e, IX, X, XI and XII, for which extradition was requested, and certifies this finding to the Secretary of State as required under Title 18, United States Code, §3184.

IT IS THEREFORE ORDERED that a certified copy of this certification of extraditability be delivered by the Clerk to the United States Attorney for transmission to the Secretary of State;

IT IS FURTHER ORDERED that Konrad Kieliszek be committed to the custody of the United States Marshal for this district, pending final disposition of this matter by the Secretary of State and the arrival of agents of the requesting state, at which time the Extraditee will be transferred to the agents of the requesting state for return thereto.

IT IS SO ORDERED.

                                          s/Donald A. Scheer
                                          DONALD A. SCHEER
                                          UNITED STATES MAGISTRATE JUDGE

DATED: July 15, 2008

## CERTIFICATE OF SERVICE

I hereby certify on July 15, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on July 15, 2008. **None.**

                                                        s/Michael E. Lang
                                                        Deputy Clerk to
                                                        Magistrate Judge Donald A. Scheer
                                                        (313) 234-5217